# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

LAVERIS TOWNSEND SR.,                )
                                     )
      Plaintiff,                   )
                                     )
v.                                   )     Case No. 1:21-cv-00081-TRM-CHS
                                     )
HUBERT E. HAMILTON,                  )
                                     )
      Defendant.                   )

## REPORT AND RECOMMENDATION

### I.      Introduction

*Pro se* plaintiff Laveris Townsend Sr. has filed an application to proceed *in forma pauperis* [Doc. 7]. This Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Because Laveris Townsend Sr. fails to state a claim upon which relief can be granted, the Court **RECOMMENDS** this action be **DISMISSED** without prejudice and the application to proceed *in forma pauperis* be **DENIED** as moot.

### II.     Discussion

#### A.     Standard of Review

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-

pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267,  270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.     **Analysis**

This claim brought by Plaintiff against Attorney Hubert E. Hamilton is identical to the claim he brought against Attorney Hubert Hamilton in *Townsend v. Hamilton County et al.*, No. 1:19-cv-00275-TRM-CHS (E.D. Tenn.) and *Townsend v. Hamilton County*, *et al*, No. 1-20-cv-287-TRM-CHS (E.D. Tenn.).  This Court dismissed those claims without prejudice for failure to state a claim upon initial screening under Section 1915(e)(2). [*See* No. 1:19-cv-00275-TRM-CHS, Dec. 23, 2019 Judgment Order, Dec. 23, 2019 Order adopting Report and Recommendation, and Dec. 2, 2019 Report and Recommendation; No. 1-20-cv-287, May 6, 2021 Judgment Order, May 6, 2021 Order adopting Report and Recommendation, and March 17, 2021 Report and Recommendation.]

Plaintiff brings this current action under 42 U.S.C. § 1983 and makes the following allegations:

- Attorney Hubert Hamilton deprived him of his right to receive worker's compensation from the Georgia Board of Worker's Compensation in 1998-1999 by providing the Board with a false social security number. [Complaint at Page ID # 17].[1]

- Because of Hubert Hamilton's negligence, he was unable to provide for his family. [*Id.*]

There are multiple shortcomings in this complaint. Section 1983 provides a vehicle by which a person may recover damages for a violation of rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To make a claim under 42 U.S.C. § 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby Cnty, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1999); *Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir. 1997). It is well established that attorneys are not considered state actors within the meaning of Section 1983 simply because they are practicing law and are considered to be officers of the Court. *Polk Cnty v. Dodson*, 454 U.S. 312, 318 (1981); *Murray v. Williams*, No. 3:17-cv-318-TAV-DCP, 2018 WL 3636544 (E.D. Tenn. July 31, 2018). Further, in incidents giving rise to a cause of action under 42 U.S.C. § 1983 in Tennessee, the applicable statute of limitations is one year. *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986)); Tenn. Code Ann. § 28-3-104(a). Plaintiff has not shown that Hubert Hamilton was acting as a state actor during the incident in question and the

---

[1] The Court is using the electronically assigned pagination in the Court's electronic record because Plaintiff appears to have misnumbered the pages of his Complaint.

statute of limitations has long since expired. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Hubert Hamilton under Section 1983.

### III.     Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED** as moot.[2]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).